**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **RONKE M. ESSIEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **vs.** | ) | |
| | ) | **NO. 1:13-cv-02093-CAP-GGB** |
| **CITIMORTGAGE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**CITIMORTGAGE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

---

Defendant CitiMortgage, Inc. ("CitiMortgage") submits this response opposing Plaintiff Ronke M. Essien's ("Plaintiff") Motion to Remand [Doc. 5]. As shown below, this Court has subject-matter jurisdiction over this action and should deny Plaintiff's Motion to Remand.

## I.    INTRODUCTION

Plaintiff's Motion to Remand represents her latest effort to stall and frustrate a yet-to-be completed non-judicial foreclosure of real property located at 6105 Blue Stone Road #210, Atlanta, GA 30328 (the "Property"). *See generally*, Complaint [Doc. 1-1]. While Plaintiff's Complaint is largely unintelligible, it appears her claims are premised on the theory that CitiMortgage does not have the legal

authority to foreclose.  *See id.*  Unfortunately, Plaintiff's Motion to Remand is just as confusing as her Complaint.

As best as CitiMortgage can discern, Plaintiff seeks remand by contending that CitiMortgage has not carried its burden on diversity jurisdiction for failure to establish the amount in controversy.[1]  *See generally*, Motion to Remand, pp. 11-13.  However, it is undisputed that the mortgage loan at issue was secured in the amount of $310,400.00 and the current tax-assessed value of the Property is $259,000.00.  *See* Notice of Removal [Doc. 1], pp. 8-9.  Either of these figures easily exceeds the amount in controversy minimum.  Accordingly, diversity jurisdiction is clearly present.

Plaintiff also contests federal question jurisdiction -- albeit in curious fashion.  Plaintiff emphatically states that there are no "federal questions" raised in her Complaint (*See* Motion to Remand, p. 2, 14-15 and Complaint, p. 5); however, Plaintiff's Complaint incorporates a claim under the FDCPA.  *See* Complaint, pp. 6-7, ("The Defendant ignored the FDCPA rule….").  Because Plaintiff's claim under the FDCPA raises an issue of federal law, this Court has original jurisdiction under 28 U.S.C. § 1331.  *See Lesman v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 2:12–CV–00023–RWS–SSC, 2012 WL 3065422, at *6 (N.D. Ga.

---

[1] Plaintiff advances no opposition that the parties are completely diverse in citizenship.

July 27, 2012) (finding no dispute that FDCPA claim presents federal question jurisdiction).

Last, Plaintiff claims that O.C.G.A. § 44-2-60 vests Georgia state courts with exclusive (non-removable) jurisdiction over matters involving real estate. *See* Motion to Remand, p. 7, 20-21.[2]  However, as this Court decided in *Davidson v Mortgage Electronic Registration Systems, Inc., et al.*, No. 3:12-cv-00047-TCB, *16 (N.D. Ga. May 7, 2012) (Batten, J.), § 44-2-60 in no way precludes remand. Thus, Plaintiff's reliance on this Georgia statute is misplaced.

Indeed, as clearly demonstrated below, Plaintiff's arguments lack merit and her Motion to Remand fails on all points.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    This Court has Diversity Jurisdiction.

#### 1.    The removal was timely and citizenship is not at issue.

Plaintiff's Complaint was filed on May 17, 2013.  CitiMortgage was served with process on May 24, 2013.  *See* Doc. 1-1, State Court File.  The removal was

---

[2] Plaintiff also vaguely argues that the Real Estate Settlement Procedures Act ("RESPA") and the McCarran-Ferguson Act somehow warrant abstention or preclude the Court's exercise of jurisdiction in this case.  The Motion to Remand does little to explain why either of these Acts preclude jurisdiction.  Indeed, Judge Batten, in his recent decision of *Davidson v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 3:12-cv-00047-TCB (N.D. Ga. May 7, 2012), confronted a similar form motion to remand and disregarded the RESPA and McCarran-Ferguson arguments.  *Id*. at *17.

taken on June 21, 2013.  The Notice of Removal was therefore timely under 28 U.S.C. § 1446.

Also, as noted above, Plaintiff does not contest citizenship.

## 2.   CitiMortgage has met its burden to establish the amount in controversy threshold.[3]

The amount in controversy is satisfied here in two ways.  First, Plaintiff seeks to invalidate CitiMortgage's security interest in the Property.  Second, Plaintiff seeks injunctive relief enjoining CitiMortgage from exercising its powers of sale and/or dispossessory.  Under these circumstances, the value of the Property is appropriately determined by either the loan documents or the Property's fair market value.

---

[3] "In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal." *Henry* v. *K-Mart Corp.,* Case No. 8:10-CV-2105, 2010 U.S. Dist. LEXIS 134499, at *8 (M.D. Fla. Dec. 9, 2010) *(citing Ingram* v. *CSX Transp., Inc.,* 146 F.3d 858, 862 (11th Cir. 1998)). As a general rule, to justify a remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount . . . . " *Federated Mut. Ins. Co.* v. *McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003). However, where damages are unspecified in the complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Williams* v. *Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Ashley* v. *Bank of America, N.A.,* No. 1:11-CV-3762, 2012 WL 2373248, at *2 (N.D. Ga. June 21, 2012) ("[w]hen a plaintiff makes an unspecified claim for damages, as was done here, a removing defendant has a lesser burden and must establish damages by a preponderance of the evidence.").

a.    **The amount reflected in the Security Deed sets the amount in controversy.**

In the Complaint, Plaintiff seeks injunctive relief against CitiMortgage based on allegations that CitiMortgage is not the real party in interest to Plaintiff's mortgage loan.  *See* Complaint, pp. 10-12, 16-17, 19-20, 24-25, 28.  As such, Plaintiff contends that CitiMortgage has no security interest in the Property.

Because Plaintiff challenges the existence of the CitiMortgage's security interest in the Property, the value of the Security Deed is an appropriate measure of the amount in controversy in this matter.  *See Haynes* v. *JPMorgan Chase Bank, NA.,* 466 F. App'x 763, 764 (11th Cir. 2012) (where plaintiff sought to invalidate defendant's security interest in the property, finding that the amount in controversy was met where loan on the property exceeded $75,000 and where plaintiff would leave the defendants with no security interest in the property).  This is because the monetary impact of a judgment in Plaintiff's favor would be to deny CitiMortgage its right to remedy by foreclosure on the Property, and leave CitiMortgage with no security for the loan Plaintiff has not repaid.

Here, because Plaintiff apparently alleges that no debt is owed to CitiMortgage, the value of the Security Deed -- $310,400.00 (*see* Notice of Removal, Exh. 2 [Doc. 1-2]) -- is an appropriate measure of the amount in controversy for removal in this case.  *Haynes,* 466 F. App'x at 764.

Consequently, based on just Plaintiff's claim to invalidate CitiMortgage's security interest, the amount in controversy threshold is met.

### b.  Alternatively, the amount in controversy is established by the tax-appraised value of the Property.

The amount in controversy is also met because Plaintiff's Property is valued at more than $75,000 and Plaintiff seeks to enjoin CitiMortgage from exercising the power of sale under the Security Deed.  *See* Complaint, p. 35 (praying for an order prohibiting CitiMortgage "from attempting any **FORECLOSURE SALE**.") (emphasis in original).

Where a party seeks to enjoin a foreclosure sale, Georgia courts have agreed the value of the property constitutes the amount in controversy.[4]  *See, e.g., Roper* v. *Saxon Mortg. Services, lnc.,* Civ. Act. No. 1:09-CV-312, 2009 U.S. Dist. LEXIS 37794, at *6 (N.D. Ga. May 5, 2009) ("[a]s Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake."); *Osborne* v. *Bank of America, N.A.,* No. 1:10-CV-02577, at [Doc. 12 at 4] (N.D. Ga. Sept. 13, 2010) (citations omitted) ("Because [plaintiff]

---

[4] The tax assessed value is a recognized measure for the "fair market value" of a property. *See, e.g., In re Griffin,* BR 09-11246,2011 WL 1789973, at *3 (Bankr. N.D. Ga. Mar. 28, 2011) (discussing the "fair market value of the Property, as estimated by the Fulton County Tax Assessor's Office"); *In re WM. Hall's Farm, Inc.,* BR 04-12556, 2010 WL 2836826, at *1 (Bankr. M.D. Ga. July 16, 2010) ("The Dougherty County Tax Assessors Office estimated the fair market value of the residence as $302,100.00).

is seeking injunctive relief barring foreclosure of his home, the value of the home determines the amount in controversy."); *Ballew* v. *Roundpoint Mortg. Servicing Corp.,* No. 12-11420, 2012 WL 4373004, at *1 (N.D. Ga. Sept. 26, 2012) ("Because the [plaintiffs] sought injunctive relief, 'the amount in controversy [was] measured by the value of the object of the litigation,' that is, 'the property's undisputed fair market value.''') (quoting *Occidental Chern. Corp.* v. *Bullard, 995* F.2d 1046, 1047 (11th Cir. 1993)).

For example, in *Davis* v. *Bank of America, N.A.,* No. 1:11-CV-04552, 2012 WL 3949618, at *1 n. 6 (N.D. Ga. May 17, 2012), the court addressed a plaintiff's motion to remand which argued that the value of the property was not a sufficient measure to meet the amount in controversy requirement.  The Court denied the motion to remand, holding that "Plaintiffs . . .  seek injunctive relief barring the alleged wrongful foreclosure of their property, and therefore, 'the value of the property determines the financial value at stake.'" *Id.* (quoting *Watkins* v. *Beneficial, HSBC Mortg.,* No. 1:10-CV-1999, 2010 WL 4318898, at *4 n. 9 (N.D. Ga. Sept. 2, 2010)).

In its Notice of Removal, CitiMortgage attached an assessment from the Fulton County Property Appraisal Department, which states the fair market value of the Property was $259,000.00 for the tax year 2013.  *See* Notice of Removal,

Exh. 3 [Doc 1-3].  Thus, the amount in controversy is also satisfied based on the pertinent tax assessment records.

Accordingly, the amount in controversy related to Plaintiff's claim for injunctive relief is undoubtedly over $75,000 based on both the value of the Property as established by the county tax assessment and the amount of the loan as reflected in the Security Deed.

**B.      This Court also has Federal Question Jurisdiction.**

CitiMortgage also removed this matter under federal question jurisdiction. *See* Notice of Removal, pp. 4-6.   It is beyond dispute that a plaintiff may potentially avoid federal jurisdiction by relying exclusively on state law.   In the present case, however, Plaintiff did not rely exclusively on state law: as Plaintiff admits, the Complaint contains a claim based on the FDCPA.  *See* Complaint, pp. 6-9; Motion to Remand, pp. 13-14.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint…. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 107 S. Ct. 2425, 2429 (1987) (citation omitted).

Critically, Plaintiff does not dispute that she asserted an FDCPA claim in her Complaint. Rather, her Motion to Remand merely attempts to downplay the significance of the claim. *See* Motion to Remand, p. 14. She seems to invite this Court to weigh the FDCPA claim against the quantity of supposed state law claims asserted -- essentially contending the state law claims predominate and therefore the FDCPA claim should be disregarded. *Id*. Plaintiff's argument is without merit.

"[T]he purported predominance of state law is only half the battle for [Plaintiff]; [he] must also demonstrate the existence of a 'separate and independent claim.'" *Pavlivos v. City of Chicago*, 901 F.Supp. 271, 272 (N.D. Ill. 1995) (quoting 28 U.S.C. § 1441(c)). 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removal claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. 1441(c) (as amended 2002). "As the Supreme Court noted in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S. Ct. 534, 540, 95L.Ed. 702 (1951)[, *superceded by statute on other grounds*], 'where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).'" *Palivos*, 901 F. Supp. at 273.

In the present case, as in *Pavlivos*, the "crux" of Plaintiff's complaint is an interlocked series of actions all related to the nonjudicial foreclosure proceedings against Plaintiff's property, and "[t]he only material difference between the various counts is the legal theory under which each claim is brought." *Id.* "Under these circumstances, we simply cannot conclude that the counts grounded in state law are 'separate and independent.' … Accordingly,… [Plaintiffs'] request for a remand… must be denied." *Id.* (citations omitted). *Accord Nichols v. Bosco*, 2010 WL 4102892, at *1 (D. Ariz. October 18, 2010) (denying motion to remand because complaint alleging violations of various federal statutes more than raised a mere "possibility of federal questions").

Likewise, the fact that the majority of Plaintiff's claims sound in state law does not strip this Court of supplemental jurisdiction. Under § 1367(c), the inquiry does not focus on whether the number of state law claims exceeds the number of federal claims. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789-90 (3d Cir. 1995)(holding "substantially predominate" standard is not met simply by a numerical count of the state and federal claims plaintiff chooses to assert on the basis of the same set of facts). Instead, the focus is whether proof of a state law claim expands the scope of the case beyond the underlying federal claim. *See Gard v. Teletronics Pacing Sys., Inc.*, 859 F. Supp. 1349, 1352-53 (D. Colo. 1994). To do this, there

must be a substantial quantity of evidence supporting the state claims that would not be relevant to the federal claim. 16 Moore's Federal Practice §106.65 (3d ed. 1997).

Plaintiff does not allege any variance in proof between the state law claims and the FDCPA claim for good reason -- all of her claims relate to the validity of the Security Deed.

The Court should therefore deny the Plaintiff's Motion for Remand.

**C.    Plaintiff's Contention that O.C.G.A. § 44-2-60 Prevents Removal of This Action is Erroneous.**

Plaintiff contends that this Court lacks jurisdiction because Georgia state courts have exclusive jurisdiction over her claims pursuant to O.C.G.A. § 44-2-60, which provides as follows:

> For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered as prescribed by this article, the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon.

O.C.G.A. § 44-2-60.  However, even if a Georgia statute grants Georgia superior courts exclusive jurisdiction over some or all of Plaintiff's claims, that statute would not deprived this Court of removal jurisdiction.  *See Marshall v. Marshall*, 547 U.S. 293, 314 (2006) ("Jurisdiction is determined 'by the law of the court's creation and cannot be defeated by the extraterritorial operation of a [state] statute…, even though it created the right of action.'"); *see also Davidson v.*

*Mortgage Electronic Registration Systems, Inc., et al.*, No. 3:12-cv-00047-TCB,

*16 (N.D. Ga. May 7, 2012) (Batten, J.) (denying remand under identical O.C.G.A.

§ 44-2-60 argument and finding "…even if a Georgia statute grants Georgia

superior courts exclusive jurisdiction over some or all of Plaintiffs' claims, that

statute would not deprive this Court of removal jurisdiction.).  Thus, O.C.G.A. §

44-2-60 does not strip this Court of jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, CitiMortgage respectfully requests the Court to

deny Plaintiff's Motion to Remand.

Respectfully submitted this <u>15th</u> day of July, 2013.

<u>s/  John Michael Kearns</u>
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com

ATTORNEY FOR DEFENDANT
CITIMORTGAGE, INC.

BURR & FORMAN LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **CITIMORTGAGE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1.

*s/ John Michael Kearns*
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **CITIMORTGAGE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** has been served on the following by directing same to the following address through first-class, United States mail, postage prepaid, on this the <u>15th</u> day of July, 2013:

>Ronke M. Essien
>6105 Blue Stone Road #210
>Atlanta, Georgia 30328


>*s/ John Michael Kearns*
>John Michael Kearns
>Georgia Bar No. 142438
>jkearns@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000